**UNITED STATES DISTRICT COURT FOR**
**THE DISTRICT OF NEW MEXICO**

**NEW MEXICO WILDLIFE FEDERATION**, *et al.*,

Plaintiffs,

v.

**U.S. DEPARTMENT OF THE INTERIOR**, *et al.*,

Defendants.

Case No. 26-cv-3377 (MIS-KRS)

**MOTION TO ENTER SCHEDULING ORDER**

Pursuant to Federal Rule of Civil Procedure 16(b)(1)(B),[1] Plaintiffs request that the Court enter the proposed schedule presented below and in the attached proposed order and/or set a scheduling conference to govern proceedings in this case.

| | |
|---|---|
| **Defendants lodge the administrative record:** | **November 13, 2026** |
| **Plaintiffs' opening brief:** | **December 17, 2026** |
| **Defendants' response:** | **January 21, 2027** |
| **Plaintiffs' reply:** | **February 4, 2027** |
| **Oral argument:** | **At the Court's convenience** |

As described below, Plaintiffs' proposed schedule accords with precedent within the Tenth Circuit and beyond, as well as past practice of the U.S. Department of Justice ("DOJ") in similar cases. Pursuant to Local Civil Rule 7.1(a), Plaintiffs attempted to obtain Defendants' concurrence to this schedule; Defendants responded that because they have not yet made decisions regarding

---

[1] Because this case is an action for review on an administrative record, it is exempt from Federal Rule of Civil Procedure 26(f)'s discovery conference requirement. Accordingly, Plaintiffs have not sought to complete a Joint Status Report pursuant to D.N.M.LR.-Civ. 16.1

staffing of this matter, they were "not in a position to agree to any briefing schedule." *See* Ex. 1, Email Correspondence. Nonetheless, and in the interest of facilitating expeditious resolution of this matter, Plaintiffs move promptly for the reasons described below.

By way of background, Plaintiffs in this action bring claims under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706 and the U.S. Constitution alleging that Defendants have unlawfully created, maintained, and funded a so-called "national defense area" that stretches over at least 100,000 acres in southern New Mexico, and that Defendants have used this designation to exclude Plaintiffs and their members from what was long public land. Given the ongoing harm to Plaintiffs from operation of the "national defense area," *see, e.g.*, *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011) (finding irreparable harm from loss of access to public land), Plaintiffs seek expeditious resolution of this matter. Plaintiffs propose the above schedule to obviate the need to seek emergency injunctive relief while facilitating prompt submission of the merits for the Court's consideration.

In *Olenhouse v. Commodity Credit Corporation*, the Tenth Circuit instructed that "[r]eviews of agency action in the district courts must be processed *as appeals*," and that "[i]n such circumstances the district court should govern itself by referring to the Federal Rules of Appellate Procedure." 42 F.3d 1560, 1580 (10th Cir. 1994); *see also N.M. Health Connections v. U.S. Dep't of Health and Human Servs.*, 946 F.3d 1138, 1161 (10th Cir. 2019). Courts in this District have repeatedly recognized this directive. *See, e.g.*, *Friends of the Floridas U.S. Bureau of Land Mgmt.*, 746 F. Supp. 3d 1039, 1133 (D.N.M. 2024); *Colt & Joe Trucking, LLC v. U.S. Dep't of Labor*, No. 24-391, 2025 WL 56658, at *4 (D.N.M. Jan. 9, 2025); *Forest Guardians v. Bureau of Land Mgmt.*, No. 98-1035, 1999 WL 35809690, at *3-5 (D.N.M. Apr. 2, 1999). Accordingly, Plaintiffs propose a schedule that largely tracks the deadlines set forth in the Federal

Rules of Appellate Procedure, which provide that: (a) the record is due 40 days after service, though the court may "may shorten or extend the time to file the record," Fed. R. App. P. 17(a); Plaintiffs' opening brief is due 40 days after the record is filed, Fed. R. App. P. 31(a)(1); Defendants' response is due 30 days thereafter, *id.*; and Plaintiffs' reply is due 21 days after the response, *id*.

DOJ has similarly recognized the applicability of *Olenhouse* in filings made in this District. For example, in the attached filing submitted in *Center for Biological Diversity v. Moore*, DOJ stated that "[i]n accordance with *Olenhouse*, this matter should proceed with production of the Administrative Record and briefing on the merits of Petitioners' appeals from the challenged agency actions." Ex. 2, Dkt. No. 15, No. 24-801 (D.N.M. Dec. 16, 2024); *see also id*. ¶¶ 3-6. Thus, Plaintiffs' proposed schedule aligns with DOJ's past practice in this District.

Finally, even if *Olenhouse* did not control, expedited resolution of this matter would be proper given the ongoing harm to Plaintiffs. *See Int'l Brotherhood of Boilermakers v. Baca*, 122 F. 4th 1224, 1239 (10th Cir. 2024) (finding expedited briefing "well warranted" where the district court determined "time was of the essence"). Indeed, at least one court has rejected the argument that "in order to obtain an expedited review, Plaintiffs must file a motion for a preliminary injunction and satisfy the requisite preliminary injunction standard." *Nat'l Ctr. for Learning Disabilities v. Office of Mgmt. and Budget*, No. 26-13019, 2026 WL 2644014, at *2 (D. Mass. July 22, 2026). Instead, that court found that "engaging in preliminary injunction proceedings before disposing of [the] case on the merits would not be the most efficient use of the Court's or the parties' resources." *Id.*; *see also Doe v. Noem*, No. 26-2280, 2026 WL 937252, at *1 (S.D.N.Y. Apr. 7, 2026) (ordering expedited production of the administrative record). So too here: Plaintiffs' proposed schedule will preserve the Court's and the Parties' resources by enabling expeditious

resolution of this matter on the merits without the need for the Parties to engage in multiple rounds of duplicative briefing.

Accordingly, and for the above reasons, Plaintiffs respectfully request that the Court enter Plaintiffs' proposed schedule.

Dated: October 21, 2026

Respectfully submitted,

PEIFER, HANSON, MULLINS & BAKER, P.A.
By: /s/ Mark T. Baker
Mark T. Baker
Jacques H. Chouinard
Post Office Box 25245
Albuquerque, NM 87125-5245
Telephone: (505) 247-4800
Facsimile: (505) 243-6458
Email: mbaker@peiferlaw.com
jchouinard@peiferlaw.com

*/s/ Gregory M. Cumming*
Gregory M. Cumming+
Lesley R. Farby+
Brian D. Netter+
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043
Phone: (202) 448-9090
Fax: (202) 796-4426
gcumming@democracyforward.org
lfarby@democracyforward.org
bnetter@democracyforward.org

+ Admitted pro hac vice

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 21st day of October 2026, I filed the foregoing electronically through the CM/ECF system, which caused all counsel or record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing. Further, I served the foregoing via email on Roberto Ortega, Chief of the Civil Division of the U.S. Attorney's Office for the District of New Mexico.

*/s/ Gregory M. Cumming*
GREGORY M. CUMMING
DEMOCRACY FORWARD FOUNDATION